IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-11308
Summary Calendar
_____

WILLIE SHERMAN,

Plaintiff-Appellant,

versus

JAIME QUINTANILLA, Captain;
SAMUEL KAMER, Correctional Officer III,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:97-CV-226
- - - - - - - - - -
June 8, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Willie Sherman, Texas state prisoner # 593654, challenges the district court's 28 U.S.C. § 1915 dismissal as frivolous of his pro se, in forma pauperis civil rights action, pursuant to 42 U.S.C. § 1983. Sherman contends that the district court abused its discretion in determining that his claims were barred by Heck v. Humphrey.[**]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] 512 U.S. 477 (1994).

As to Sherman's claims that false disciplinary proceedings were filed against him because he is an African-American and that the disciplinary hearing procedures violated his due-process rights, the district court did not abuse its discretion in ordering dismissal pursuant to Heck. See Edwards v. Balisok, 117 S. Ct. 1584, 1587-89 (1997); Preiser v. Rodriquez, 411 U.S. 475, 500 (1973). However, the district court abused its discretion in dismissing Sherman's retaliation claim under Heck. See Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995), cert. denied, 516 U.S. 1084 (1996). Accordingly, we affirm in part, vacate in part, and remand for further proceedings in connection with Sherman's claim that disciplinary proceedings were brought against him in retaliation for his filing grievances.

Sherman additionally argues that the district court erred in ordering dismissal without first considering the question whether Kamer and Quintanilla were entitled to qualified immunity pursuant to Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994). Contrary to Sherman's assertions, Boyd does not require a threshold inquiry into qualified immunity; instead, it states that a district court should, when feasible, consider the application of absolute immunity prior to conducting a Heck analysis. Id. Sherman has not demonstrated that such an inquiry was feasible in this case.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.